In re Contempt Proceeding against
Theodore JAYE.

No. 81-Misc. 23.

United States District Court,
E. D. Wisconsin.

May 19, 1981.

Charles J. Herro, Herro, Chapman, Snyder & Pike, Oconomowoc, Wis., for Theodore Jaye.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On May 18, 1981, Theodore Jaye reported for jury service pursuant to a summons regularly issued by the clerk of this court. In courtroom 225, Mr. Jaye's name was drawn by lot from the pool for service as a member of the panel from which a jury was to be chosen in civil action No. 79–C–741, *Baumeister v. State Farm Mutual Ins. Co.* Mr. Jaye was directed by the court to take a seat in the jury box. Mr. Jaye requested that he be excused from jury service due to pressing business affairs. After hearing Mr. Jaye on the nature of these affairs, I denied his request to be excused and ordered him to take his seat with the other jurors whose names had been called. Mr. Jaye expressed his refusal to take his seat as ordered and turned around and walked to the rear exit of the courtroom. As he was about to leave the courtroom, I instructed the bailiff to escort Mr. Jaye to the U. S. marshal's office, there to be held pending contempt proceedings.

Approximately one hour later, after jury selection was completed in *Baumeister v. State Farm Mutual Ins. Co.*, Mr. Jaye was escorted back to the courtroom by the marshal. On the record, Mr. Jaye apologized for his earlier refusal to serve. Notwithstanding Mr. Jaye's belated offer to serve on the panel, I advised Mr. Jaye that I regarded his conduct as a contempt committed in the presence of the court. I then informed Mr. Jaye that if he wished to consult with counsel, I would withhold imposition of punishment until the next morning. Mr. Jaye and his counsel appeared before me this morning and were heard on the record.

I believe Mr. Jaye's conduct constituted aggressive, willful, contumacious behavior which cannot be countenanced. Such con-

duct, if tolerated, would represent a serious threat to the administration of justice. Mr. Jaye's acts of contempt were committed in my immediate presence and in the open courtroom. Pursuant to Rule 42(a), Federal Rules of Criminal Procedure, I find that summary proceedings are appropriate. Mr. Jaye's request to be excused was premised on his business affairs, and I do not believe that a monetary fine would accomplish a just result. I believe that a short period of incarceration is the appropriate punishment to vindicate the authority of the court. Mr. Jaye will be required to serve a total of forty-eight hours of confinement and will receive credit for the one hour already served, leaving forty-seven hours to be served.

A stay of the commitment until May 26, 1981, for purposes of a possible application to the United States court of appeals, is granted. No bail will be required. Mr. Jaye must report to the U. S. marshal's office by 10:00 A.M., Tuesday, May 26, 1981, unless he obtains a further stay from the court of appeals. He may, however, report to serve the remaining forty-seven hours prior to the specified time if such earlier time of reporting is during the regular business hours of the U. S. marshal.

Therefore, IT IS ORDERED that Theodore Jaye be and hereby is found in contempt of court pursuant to Rule 42(a), Federal Rules of Criminal Procedure.

IT IS ALSO ORDERED that Theodore Jaye be and hereby is sentenced to serve a period of confinement of forty-eight hours in the custody of the United States marshal and that this period be reduced to forty-seven hours due to the hour already served.

IT IS FURTHER ORDERED that Theodore Jaye report to the U. S. marshal's office no later than 10:00 A.M., Tuesday, May 26, 1981, unless such commitment is stayed by the United States court of appeals.